UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| HITESH (HARRY) HARJANI, et al., | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. 1:25-cv-13806-ADB |
| GGP-NATICK WEST LLC, et al., | * | |
| Defendants. | * | |

# MEMORANDUM AND ORDER ON SANCTIONS

BURROUGHS, D.J.

On September 28, 2026, following several frivolous filings by Plaintiffs and warnings by the Court, the Court ordered Plaintiffs to show cause why sanctions should not be imposed under Federal Rule of Civil Procedure 11(c) and/or the Court's inherent power. [ECF No. 57]. The Court is in receipt of Plaintiffs' response to its order to show cause, filed October 9, 2026. [ECF No. 61]. After due consideration, the Court finds that Plaintiffs have violated Rule 11(b)(2) and the Court's prior orders, and that sanctions are appropriate under Rule 11(c) and the Court's inherent powers. For the reasons discussed below, Plaintiffs are **ORDERED** to pay sanctions in the amount of $500.00 into the Court within fourteen days of the entry of this Order.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 11 requires attorneys and unrepresented parties who file documents with the Court to certify, among other things, that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). If a party fails to abide by that mandate, the Court may impose sanctions after giving the party a

reasonable opportunity to respond. Fed. R. Civ. P. 11(c)(1). In short, "Rule 11 calls for the imposition of sanctions on a party 'for making arguments or filing claims that are frivolous, legally unreasonable, without factual foundation, or asserted for an 'improper purpose.'" Salois v. Dime Sav. Bank of N.Y., FSB, 128 F.3d 20, 28 (1st Cir. 1997) (quoting S. Bravo Sys., Inc. v. Containment Techs. Corp., 96 F.3d 1372, 1374–75 (Fed. Cir. 1996).

Outside of Rule 11, district courts also retain the power to impose sanctions under their inherent authority "for violations of court orders," State Farm Fire & Cas. Co. v. U.S. ex rel. Rigsby, 580 U.S. 26, 37 (2016), or "upon finding that a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" In re Plaza-Martínez, 747 F.3d 10, 13 (1st Cir. 2014) (quoting F.A.C., Inc. v. Cooperativa de Seguros de Vida de P.R., 563 F.3d 1, 6 (1st Cir. 2009)). "Vexatious" conduct sanctions are "appropriate when 'objectively unreasonable litigation-multiplying conduct continues despite a warning to desist.'" Azubuko v. MBNA Am. Bank, 396 F. Supp. 2d 1, 6–7 (D. Mass. 2005) (quoting Alexander v. United States, 121 F.3d 312, 316 (7th Cir. 1997)), aff'd, 179 F. App'x 66 (1st Cir. 2006).

## II. DISCUSSION

After considering Plaintiffs' response to the Court's order to show cause, the Court finds that two distinct courses of conduct by Plaintiffs independently warrant sanctions.

First, Plaintiffs have defied the Court's repeated orders dismissing Nicholas Fiorillo as a plaintiff in this action based on his outstanding order of enjoinment. Despite the Court having entered four separate orders explaining that Nicholas Fiorillo's claims are dismissed and that he is no longer a party to this action, [ECF No. 12]; [ECF No. 32]; [ECF No. 42]; [ECF No. 47], Plaintiffs continue to file documents asserting that he remains a plaintiff, bearing his signature, and docketed using his electronic credentials. See, e.g., [ECF No. 30]; [ECF No. 55]; [ECF No.

56]; [ECF No. 60]. They have done so despite the Court warning months ago that "further attempts to reinstitute Fiorillo as a plaintiff in this action . . . may result in sanctions." [ECF No. 32]. Indeed, even after the Court ordered Plaintiffs to show cause for this behavior, [ECF No. 57], Plaintiffs continued to double and triple down, filing yet more documents under Mr. Fiorillo's credentials that purport to name him as an active party, [ECF No. 60]; [ECF No. 61].

Through these actions, Plaintiffs have "violat[ed] . . . court orders," State Farm Fire, 580 U.S. at 37, engaged in "objectively unreasonable litigation-multiplying conduct," Azubuko, 396 F. Supp. 2d at 7, and "threaten[ed] to impugn the district court's integrity," AngioDynamics, Inc. v. Biolitec AG, 780 F.3d 420, 426 (1st Cir. 2015), thereby warranting inherent power sanctions. Moreover, Plaintiffs' filings asserting that Fiorillo remains an active party to this case after the Court dismissed his claims are "frivolous, legally unreasonable, [and] without factual foundation," Salois, 128 F.3d at 28, thereby warranting sanctions under Rule 11.

Second, Plaintiffs have filed repetitive and legally frivolous motions to stay these proceedings and the Court's dismissal order pending their appeal of the dismissal of Nicholas Fiorillo's claims. See [ECF No. 45]; [ECF No. 56]; [ECF No. 60]. After the Court denied Plaintiffs' first request for a stay, explaining that their appellate arguments were wholly without merit, [ECF No. 45]; [ECF No. 47], Plaintiffs filed a second motion which largely repeated the same arguments, [ECF No. 56]. When the Court rejected that second motion and ordered Plaintiffs to show cause why sanctions should not be imposed for their repetitive filings, [ECF No. 57], Plaintiffs responded by filing a third motion to stay that repeated the same arguments, [ECF No. 60].

The arguments Plaintiffs assert in these repeated stay motions have been almost entirely frivolous from the outset. Their principal argument, to give an example, is that the Court's

earlier electronic text orders were invalid because they "constitute[] an automated text script generated from pre-set, clerk-level screening templates engineered by third-party secret court boiler room personnel to insulate corruption vectors and shield corporate fiduciaries from live discovery tracks." [ECF No. 60 at 3]. That argument, and the others Plaintiffs raise, are legally (and factually) nonsensical. Although the Court has been careful to grant Plaintiffs leeway as pro se parties, even unrepresented parties cannot repeatedly press arguments relying on legal principles that they have made up from whole cloth. The fact that Plaintiffs continue to press these arguments after they have been rejected by the Court only heightens their vexatiousness.

The Court finds that Plaintiffs' stay motions raise arguments that are not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law," Fed. R. Civ. P. 11(b)(2), particularly by reasserting arguments the Court has already rejected. Plaintiffs' course of conduct in filing these repetitive motions is also "vexatious," as it is "frivolous, unreasonable, [and] without foundation," In Spite Telecom LLC v. Rosciti Constr. Co., 747 F. Supp. 3d 270, 288 (D. Mass. 2024) (quoting Loc. 285, Serv. Emps. Int'l Union, AFL-CIO v. Nonotuck Res. Assocs., 64 F.3d 735, 737–738 (1st Cir. 1995)), and because it "continue[d] despite a warning to desist." Azubuko, 396 F. Supp. 2d at 7. Accordingly, the conduct warrants sanctions under both Rule 11 and the Court's inherent power.

## III. CONCLUSION

In order to deter further abusive conduct by Plaintiffs and protect the integrity of these proceedings, the Court finds that sanctions in the amount of $500.00, assessed jointly and severally among Plaintiffs, are warranted under Rule 11(c) and the Court's inherent powers. Accordingly, Plaintiffs are **ORDERED** to pay $500.00 into the Court no later than fourteen days

after the entry of this order. Plaintiffs are warned that further vexatious conduct or failure to pay these sanctions may result in the dismissal of their remaining claims, see Fed. R. Civ. P. 41(b).

**SO ORDERED.**

October 28, 2026

*/s/ Allison D. Burroughs*
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE